## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PAULA JOHNSON, | Civil No. 09-600 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT** |
| HOMEOWNERSHIP PRESERVATION FOUNDATION, | **AND RECOMMENDATION** |
| Defendant. | |

Paula Johnson, 715 North 24th Street, East Saint Louis, IL 62205, plaintiff *pro se*.

Shari Jerde Aberle and Meghan E. Lind, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendant.

On March 16, 2009, plaintiff Paula Johnson filed a complaint against defendant Homeownership Preservation Foundation ("HPF"), alleging breach of contract and bringing claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§2601 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.* On July 6, 2009, Johnson filed an Amended Complaint, alleging additional claims under the Federal Records Act ("FRA"), 44 U.S.C. § 3105, and under the Federal Privacy Act ("FPA"), 5 U.S.C. § 552a. HPF filed motions to dismiss the original and amended complaints, and Johnson filed motions for "reasonable modifications" and for a hearing. United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation recommending that the Court grant

HPF's motions, dismiss Johnson's claims, and deny Johnson's motions. Johnson filed objections to the Report and Recommendation, and the Court reviews *de novo* those portions of the Report and Recommendation to which Johnson objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules Johnson's objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND[1]

In November 2002, Johnson's parents transferred to Johnson a single family residential property by quit claim deed. (Am. Compl. ¶ 4, Docket No. 32.) In June 2008, Johnson "fell in into 'hardship' due to Medical Emergencies and the increase of Mortgage Payment." (*Id.*) Johnson alleges that on July 8, 2008, she and HPF entered into an agreement regarding her mortgage. (*See id.* ¶¶ 3-10.) HPF informed Johnson that it was a "HUD Approved Federal Agency" and that it would assist her in refinancing, avoiding foreclosure, or modifying the balance on her mortgage loan. (*Id.* ¶ 5.) Johnson alleges, however, that HPF is a "non-for-profit Organization . . . and functions as a servicing agent for foreclosure prevention assistance." (*Id.* ¶ 2.)

---

[1] For the purposes of the motion to dismiss, the Court accepts the factual allegations contained in the amended complaint as true. *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001) (per curiam); *see also Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). The Court repeats the facts here only to the extent necessary to provide context for Johnson's objections. The Report and Recommendation provides a more comprehensive recitation of the factual background. (*See* Report and Recommendation at 1-5, Docket No. 48.)

HPF sent Johnson documents entitled "CLIENT ACTION PLAN of Paula Johnson," a "BUDGET ASSESSMENT SUMMARY of Paula Johnson," "PRIVACY PRACTICES," and "CLIENT BUDGET for Paula Johnson" (the "HPF documents"). (*Id.* ¶ 6.) Johnson claims that HPF made a number of misrepresentations to her from July 2008 to March 2009, including representations that HPF had made contact with Johnson's mortgage company to assist her with negotiations to avoid foreclosure and to process a modification to her mortgage loan, and that HPF had sent the HPF documents to the mortgage loan servicing company. (*Id.* ¶¶ 8-10.)

Johnson's original complaint alleged breach of contract and violations of RESPA and the Illinois Consumer Fraud and Deceptive Business Practices Act. (Compl. ¶¶ 4-17, Docket No. 1.) Johnson filed an Amended Complaint, which again alleged breach of contract, but did not allege violations of RESPA or of the Illinois Consumer Fraud and Deceptive Business Practices Act. According to the Report and Recommendation, Johnson confirmed at the hearing on these motions that she was no longer pursuing those claims. (Report and Recommendation at 2, Docket No. 48.) The Amended Complaint alleged new claims under the FRA and the FPA. HPF moved to dismiss the original complaint and, after Johnson filed her Amended Complaint, HPF moved to dismiss the Amended Complaint. (Docket Nos. 10, 33.) Johnson has also filed motions for "reasonable modifications" and for a hearing. (Docket Nos. 22, 39, 42.)

The Magistrate Judge issued a Report and Recommendation recommending that the Court grant HPF's motion to dismiss. The Magistrate Judge recommended that the Court dismiss without prejudice Johnson's breach of contract claim, concluding that

- 3 -

Johnson had not pleaded adequate facts to establish that it was plausible that Johnson and HPF had formed a contract or that HPF had breached such contract. (Report and Recommendation at 13, Docket No. 48.) The Magistrate Judge also recommended that the Court dismiss with prejudice Johnson's FRA and FPA claims, concluding that because Johnson pleaded that HPF was a "non-for-profit organization," neither the FRA nor FPA applied to HPF, and that the FRA did not provide a private right of action. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 148 (1980) ("[T]he Federal Records Act establishes only one remedy for the improper removal of a 'record' from the agency. The head of the agency is required . . . to notify the Attorney General[.]"); *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) ("The civil remedy provisions of the [Privacy Act] do not apply against private individuals, state agencies, private entities, or state and local officials." (internal quotation marks omitted; emphasis removed)); *Laughlin v. Comm'r*, 103 F. Supp. 2d 1219, 1225 (S.D. Cal. 1999) ("[I]ndividuals do not have a private right of action to sue under the Federal Records Act."). Finally, the Magistrate Judge recommended that the Court dismiss without prejudice the RESPA and Illinois Consumer Fraud and Deceptive Business Practices Act claims based on Johnson's representation at the hearing that she was not pursuing those claims.

**DISCUSSION**

Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and

recommendations." Fed R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

Johnson filed timely objections to the Report and Recommendation. Johnson first generally objects to the Magistrate Judge's "dismiss[al]" of her "Breach of Contract Claim"; "Federal Records Act and Federal Privacy Act [claims]"; "Claims under RESPA"; "Claims under the Illinois Consumer Fraud and Deceptive Business Practices Act"; and "Request for an evidentiary Hearing requiring Defendants to Appear and Produce Evidence." (Objections at 2, Docket No. 49.) Johnson also objects to the Report and Recommendation on the basis that its conclusions "exclude[] the issues of numerous formal complaints against Defendants." (*Id.*) Johnson concludes her Objections by re-alleging her breach of contract, FRA, and FPA claims and reciting a substantial portion of her Amended Complaint.[2] (*Id.* at 3-11.)

Johnson's objections fail to specify those portions of the Report and Recommendation to which she objects and supply no legal rationale in support of her position that the Court should reject the Report and Recommendation. Johnson's general objections to each conclusion dismissing the claims and denying her motions do not specifically identify any error in the Magistrate Judge's analysis. Further, Johnson's

---

[2] The language in the objections appears to vary only slightly from the language of the Amended Complaint: in the "Damages" section, Johnson additionally claims that she has suffered "financial hardship, including monies unlawfully deducted from Plaintiff's Debit Card, and long-term damage on Credit Report for two unauthorized Credit Cards issued." (Objections ¶ 26, Docket No. 49.)

citation to several cases relating to "numerous formal complaints against Defendants" is not helpful; Johnson offers no rationale linking those cases to any error in the Report and Recommendation and the Court is unable to decipher any basis on which those cases could support a challenge to the Magistrate Judge's conclusions. Finally, the near-verbatim recitation of the language from the Amended Complaint does not satisfy Federal Rule of Civil Procedure 72(b)(2)'s specificity requirement.

The Court therefore concludes that Johnson's objections are inadequate and accordingly overrules the objections. In addition, even *de novo* review of the Report and Recommendation demonstrates that the Magistrate Judge's analysis and conclusions were appropriate. Accordingly, the Court adopts the Report and Recommendation.

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 49] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated December 17, 2009, [Docket No. 48]. Therefore, **IT IS HEREBY ORDERED** that:

1. Defendant's Motions to Dismiss [Docket Nos. 10, 33] are **GRANTED** as follows:

   a. Plaintiff's breach of contract claim is **DISMISSED without prejudice**;

   b. Plaintiff's FRA and FPA claims are **DISMISSED with prejudice**; and

        c.        Plaintiff's claims under the RESPA and the Illinois Consumer Fraud and Deceptive Business Practices Act are **DISMISSED without prejudice** based on plaintiff's representation that she is no longer pursuing those claims.

2.        Plaintiff's Motion for Reasonable Modifications [Docket No. 22] is **DENIED as moot**.

3.        Plaintiff's Motion for a Hearing [Docket Nos. 39, 42] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 18, 2010  
at Minneapolis, Minnesota.

                                                                       s/ John R. Tunheim  
                                                                     JOHN R. TUNHEIM  
                                                             United States District Judge